# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED RICCO, | : Civil Action Law |
| Plaintiff, | : Civil No.: |
| vs. | |
| WALMART and JOHN DOES 1-3, and JOHN DOES 4-6 | : **JURY TRIAL DEMANDED** |
| Defendants. | |

## DEFENDANT'S, WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant, Wal-Mart, (more properly pled as "Wal-Mart Stores East, LP", hereinafter referred to as "Wal-Mart"), by and through its undersigned attorneys, hereby gives Notice of the Removal to this Court of state civil action pending in the Superior Court of New Jersey, Camden County, pursuant to 28 U.S.C. §1441(a) and (b) and in support thereof avers as follows:

1. A Civil Action has been brought against Wal-Mart by the Plaintiff, Alfred Ricco, and is pending in the Superior Court of New Jersey, Camden County, Docket No. CAM-L-164-12. The Complaint was filed on or about January 12, 2012. See copy of Plaintiff's Complaint (attached hereto as Exhibit "A"). The Complaint was served on Wal-Mart on January 25, 2012. See Proof of Service and Affidavit of Service from Plaintiff's Counsel dated January 25, 2012 (attached hereto as Exhibit "B").

2. The State Court wherein this action was originally filed is located in Camden County, New Jersey, which is embraced within this jurisdictional district.

1

3. Removal from the Camden County Superior Court is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if "none of the parties of interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

4. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

5. Plaintiff Alfred Ricco alleges that he is a citizen of the State of New Jersey and resides in Camden County, New Jersey. Plaintiff alleges that he was injured when he was caused to slip and fall on a cracked curb in the parking lot of the Wal-Mart store in Audubon, New Jersey, on or about January 17, 2010.

6. At all times relevant hereto (including January 17, 2010), Wal-Mart Stores East, LP is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Bentonville, Arkansas.

7. Upon information and belief Wal-Mart was served with a copy of Plaintiff's Complaint on January 25, 2012. The original Notice of Removal was filed within thirty (30) days thereof.

8. Plaintiff alleges that on January 17, 2010 he was an invitee at the Wal-Mart located in Audubon, New Jersey and that, as a result of Defendant's negligence; he was caused to be injured when he fell on a cracked curb in the Wal-Mart store parking lot. Plaintiff alleges he suffered severe and permanent personal injuries including severe shock and trauma to his bones, muscles, nerves, tendons and nervous system. Exhibit "A", par. 10. Plaintiff demands judgment against the Defendant for damages including past and future medical expenses, pain

and humiliation, loss of earning capacity plus costs of suit with interest. Exhibit "A," par. 11 and Wherefore Clause.

9. Because of the procedural status of this case, we have not received any medical records from Plaintiff's counsel. Nevertheless, based upon the information exchanged pre-suit and the allegations of injury within the Complaint, there is support for the good faith belief that Plaintiff will be seeking damages in excess of $75,000. Wal-Mart does not agree that the damages are worth in excess of $75,000, as there are many factors that would be considered in the ultimate value, if any, of the claimed injuries including, but not limited to, Plaintiff's previous medical history and condition, whether liability against Wal-Mart can be proven, proximate cause of any damages or injuries alleged, and any comparative negligence by Plaintiff. However, based on the allegations of injuries made, and Plaintiff's counsel's lack of response to our requests to limit damages, and request for a statement of damages, a good faith belief exists that the value of the damages alleged exceeds $75,000.

10. Because Federal jurisprudence on the issue of removal permits a plaintiff to voluntarily limit her claim to avoid removal, on January 31, 2012 defense counsel contacted Plaintiff's counsel, via letter and informed Plaintiff's Counsel of Defendant's intention to remove this matter to the District Court, if Plaintiff was unwilling to enter into a Stipulation of Damages of less than $75,000. See Letter and Stipulation (attached hereto as Exhibit "C"). Defense counsel again followed up with a letter on February 23, 2012 advising Plaintiff that this Notice of Removal would be filed if Plaintiff did not stipulate to damages being $75,000 or less by February 23, 2012. See Letter (attached hereto as Exhibit "D").

11. Defense Counsel also contacted Plaintiff's Counsel on February 1, 2012, via letter, seeking a Demand for Statement of Damages. A Request for Statement of Damages was

3

also sent to Plaintiff, via letter, at this time. See Letter, and Request for Statement of Damages (attached hereto as Exhibit "E"). Defense counsel again followed up with a letter on February 22, 2012 seeking a Demand for Statement of Damages. See Letter seeking Request for Statement of Damages (attached hereto as Exhibit "F").

12. To date, Plaintiff has refused to enter into the aforementioned Stipulation to Limit Damages or to otherwise provide any information that would lead Wal-Mart to believe that the damages asserted are less than $75,000.

13. Therefore, Wal-Mart reasonably suspects that Plaintiff is seeking a recovery in excess of $75,000.

14. Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b) and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE,** Defendant, Wal-Mart Stores East, LP respectfully submits this Notice of Removal and requests that the State Action be removed from the Superior Court of New Jersey, Camden County to the United States District Court for the District of New Jersey.

**McDONNELL & ASSOCIATES, P.C.**

By: _____
Roberto K. Paglione, Esq.
Marni S. Berger, Esquire
500 Route 70 West
Cherry Hill, NJ 08002
(856) 429-5300
(856) 429-5314 – FAX
E-mail: mhahn@mcda-law.com
**Attorneys for Defendant, Wal-Mart Stores East, LP**

DATED: February 24, 2012

4