# EXHIBIT "A"

JAN. 25. 2012 3:18PM    SAFFREN & WEINBERG                   NO. 4416—P. 9

MARC A. WEINBERG, ESQUIRE
Saffren & Weinberg
815 Greenwood Ave.
Jenkintown, PA 19046
215-576-0100

Attorneys for Plaintiff



CAMDEN COUNTY SUPERIOR COURT

| | | |
|---|---|---|
| ALFRED RICCO | : | SUPERIOR COURT OF NEW JERSEY |
| 834 Sylvan Court | : | CAMDEN COUNTY |
| Camden, NJ 08104 | : | |
| Plaintiff, | : | DOCKET NUMBER |
| | : | |
| vs. | : | L 164 12 |
| | : | |
| WALMART | : | |
| 130 Black Horse Pike | : | |
| Audubon, NJ 08106 | : | |
| and | : | |
| JOHN DOES 1-3 | : | |
| and | : | |
| JOHN DOES 4-6 | : | |
| | : | COMPLAINT AND JURY DEMAND |
| Defendants | : | |

RECEIVED 2012 JAN 12 PM...

Plaintiff, Alfred Ricco, by way of Complaint against the Defendants says:

## COUNT I
## RICCO V. WALMART

1. Plaintiff, Alfred Ricco, is an adult individual residing at 834 Sylvan Court in Camden NJ 08104

2. Defendant, WALMART, is a New Jersey Corporation, or other duly authorized legal entity with offices at 130 Black Horse Pike, Audubon, NJ 08106.

3. At all times relevant hereto, John Does 1-3 were corporations or other duly authorized legal entities in the State of New Jersey which were responsible for the management, day to day operation, supervision and overall operation of the WALMART.

4. At all times relevant hereto, John Does 4-6 were corporations or duly authorized legal

JAN. 23. 2012 3:19PM    SAFFREN & WEINBERG    NO. 4416    P. 10

entities operating in the State of New Jersey responsible for security, safety and well being of business invitees of the WALMART.

5. Defendants, were the owners, title holders and or recognized operators of the WALMART located at 130 Black Horse Pike, Audubon, NJ (the "subject premises").

6. On or about January 17, 2010, Plaintiff, was a business invitee of the defendant's store and was traversing in the parking lot located at the subject premises.

7. At the above time and place, Plaintiff was caused to trip and fall, as a direct consequence of an dangerous and defective cracked curb located on the Defendants' property.

8. The Defendants through their agents, employees and servants, had actual and/or constructive notice of the dangerous and defective condition and knew or should have known that the dangerous condition created a reasonably foreseeable risk of injury to the public.

9. The Defendants, jointly, severally and/or individually by and through their agents, employees and servants' failure to maintain, supervise, light, mark and/or satisfactorily repair or cause satisfactory repairs to be completed on the above referenced property constituted carelessness, recklessness and/or negligence on the part of the Defendants.

10. As a result of the Defendant's carelessness, recklessness and/or negligence, Plaintiff has been caused to suffer severe and permanent injuries including but not limited to severe shock and trauma to his bones, muscles, nerves, tendons and nervous system.

11. As a result of the Defendants' carelessness, recklessness and/or negligence, Plaintiff was required to seek medical attention for her injuries, will in the future incur additional medical expenses, suffered and will continue to suffer great pain and humiliation from her injury, have caused her to incur bills and expenses for her medical care and treatment, have caused a loss of earnings and earning capacity, any and all of which may continue for an indefinite period of time

Jan. 25. 2012 9:26AM    No. 8306    P. 10

into the future

WHEREFORE, Plaintiff, ALFRED RICCO, demands judgment against Defendant, WALMART, their agents, servants and employees for damages together with interest and costs of suit.

## COUNT II
### RICCO v. John Doe Companies 1 through 6

12. Plaintiff incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

13. As a result of the Defendants, John Doe Companies 1 through 6's negligence as set forth hereinabove Plaintiff suffered the aforedescribed injuries.

WHEREFORE, Plaintiff, ALFRED RICCO, demands judgment against Defendants, John Doe Companies 1 through 6, their agents, servants and employees for damages together with interest and costs of suit.

Dated: 1/12/12

MARC A. WEINBERG, ESQUIRE
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff, ALFRED RICCO, hereby demands trial by jury on all issues.

Dated: 1/12/12

MARC A. WEINBERG, ESQUIRE
Attorney for Plaintiffs

### CERTIFICATION PURSUANT TO RULE 4:5-1(B)(2)

1. The undersigned hereby certifies that this matter in controversy herein is not, at present, the subject of any other action pending in any other court or arbitration proceeding. Furthermore, no other action or arbitration proceedings are contemplated at this time. To the best of my knowledge, there are no other parties who should be joined in this litigation at this time.

2. The undersigned certifies that the foregoing statements made by me are true to the best of my knowledge, information and belief. I am aware if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: 1/12/12

MARC A. WEINBERG, ESQUIRE
Attorney for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-1, Marc A. Weinberg, Esquire, is hereby designated as trial counsel for Plaintiff.

Dated: 1/12/12

MARC A. WEINBERG, ESQUIRE
Attorney for Plaintiff